UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE LEE OBEN #753474,

          Plaintiff,                        Hon. Paul L. Maloney

v.                                    Case No. 1:20-cv-1050

UNKNOWN DELACRUZ, et al.,

          Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action asserting claims against several individuals and entities. (ECF No. 1). At this juncture, the only claims remaining are Eighth Amendment claims against Defendants Delacruz and Calkins, who now move for summary judgment. (ECF No. 4, 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

**BACKGROUND**

With respect to his remaining claims against Defendants Delacruz and Calkins, Plaintiff alleges the following. On September 23, 2020, Defendant Delacruz approached Plaintiff's cell so that Plaintiff could be placed in restraints. During this process, Delacruz "grabbed" Plaintiff's wrists and "forcefully" pulled Plaintiff's arms through the slot in his cell door. As a result, Plaintiff suffered injuries to his hand and

-1-

fingers.    Later that same day, Defendant Calkins refused Plaintiff's request for

medical care.    Calkins likewise refused requests from Plaintiff for medical care on the

following dates: (1) September 28, 2020; (2) September 29, 2020; (3) September 30, 2020;

(4) October 1, 2020; and (5) October 6, 2020.[1]    Defendants Calkins and Delacruz move

for relief on the ground that Plaintiff has failed to properly exhaust his administrative

remedies.    Plaintiff has responded to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."    Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case."    *Harden v. Hillman*, - - - F.3d - - -,

2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating

that the non-moving party, "having had sufficient opportunity for discovery, has no

evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398

F.3d 751, 761 (6th Cir. 2005).    Once the moving party makes this showing, the non-

moving party "must identify specific facts that can be established by admissible evidence,

---

[1] In her motion, Defendant Calkins asserts that the only claim remaining against her is
a claim that she denied Plaintiff's request for medical care on September 30, 2020.
(ECF No. 17, PageID.85).    As the Court previously noted, however, Plaintiff clearly
alleges that Calkins refused him medical treatment on several occasions.    (ECF No. 1,
PageID.4-5; ECF No. 4, PageID.57).

which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   Prisoners are no longer required to demonstrate exhaustion in their complaints.   *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."   *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

-4-

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.  *Id.* at ¶ W.  The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ DD.  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  *Id.* at ¶ HH.

If a prisoner files "an excessive number of grievances" which are rejected or unfounded, the prisoner may be placed on modified grievance access status.  *Id.* at ¶ JJ. While on modified grievance access, a prisoner cannot file a grievance unless the grievance coordinator agrees to provide the prisoner with a grievance form.  *Id.* at ¶ MM.  If the grievance coordinator denies a prisoner's request for a grievance form, the prisoner has exhausted his available administrative remedies with respect to the claim or issues that were the subject of the request for a grievance form.  *See, e.g., Rains v. Washington*, 2020 WL 1815839 at *15 (W.D. Mich., Apr. 10, 2020).

Defendants have submitted evidence that Plaintiff failed to pursue any grievance regarding his remaining claims through all three steps of the grievance process.  (ECF No. 17-3, PageID.106-10).  Plaintiff does not dispute this, but instead argues that he

was on modified grievance access during the relevant time-period and was not provided a Step I grievance form.    Defendants concede that Plaintiff was on modified grievance access during the relevant time-period.    (ECF No. 26, PageID.146).    In support of his argument, Plaintiff has submitted evidence that he twice requested grievance forms regarding his remaining claims.

On September 23, 2020, Plaintiff requested a Step I grievance form so that he could grieve his claim that Defendant Delacruz subjected him to excessive force when attempting to secure him in restraints earlier that day.    (ECF No. 23-1, PageID.133). On September 28, 2020, Plaintiff requested a Step I grievance form so that he could grieve his claims that he was being denied medical care for the injuries he suffered during the September 23, 2020 incident with Delacruz.    (*Id.*, PageID.132).    Both of Plaintiff's requests were denied.    (*Id.*, PageID.132-33).    Defendants concede that Plaintiff submitted these two requests for grievance forms.    (ECF No. 26, PageID.146). Defendants likewise do not contest Plaintiff's assertion that his requests were both denied.    Defendants nonetheless argue that Plaintiff's efforts are insufficient.

In support of this argument, Defendants have submitted an affidavit executed by Adam Yuhas, a grievance coordinator at the facility where Plaintiff is incarcerated. (ECF No. 26, PageID.145-47).    Yuhas asserts that Plaintiff's September 23, 2020, request for a grievance form was "vague, illegible, and unclear as to the individuals involved and specific dates."    (*Id.*, PageID.146).    Yuhas asserts, therefore, that even had Plaintiff filed a grievance it would have been rejected.    (*Id.*).    With respect to

Plaintiff's September 28, 2020, request for a grievance form, Yuhas asserts that it "had

no indication that he tried to resolve the subject matter of his grievance prior to

requesting the Step I grievance."  (*Id.*).   Yuhas asserts, therefore, that that even had

Plaintiff filed a grievance it would have been rejected.   (*Id.*).

The Court recognizes that Plaintiff was required to request a grievance form in

conformance with MDOC policy.     *See, e.g., Brown v. Michigan Department of

Corrections*, 2016 WL 5921911 at *3 (W.D. Mich., Sept. 15, 2016).   Defendants have not

produced evidence, however, that Plaintiff's requests were denied because they did not

conform to MDOC policy.   Instead, Yuhas merely speculates that Plaintiff's request

*could have* been rejected on such grounds.   Defendants have identified no authority

supporting the proposition that prison officials can, in the present context, articulate a

basis for denying a grievance, or a request for a grievance form, that was not

contemporaneously articulated and relied upon.[2]

Thus, with respect to Plaintiff's claim that Defendant Delacruz subjected him to

excessive force on September 23, 2020, the Court finds that Defendant has failed to

satisfy his burden on the question of exhaustion of administrative remedies.   Likewise,

with respect to Plaintiff's claims that Defendant Calkins denied his requests for medical

---

[2] The Court further notes that Defendants' arguments regarding the alleged shortcomings in Plaintiff's grievance form requests are quite unpersuasive.   Thus, even if Plaintiff's grievances, or requests for grievance forms, had been rejected for the reasons articulated by Yuhas, such would almost certainly have been rejected by the Court.   *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (motion for summary judgment denied where MDOC "improperly rejected" prisoner's grievance); *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (same).

-7-

treatment on September 23, 2020, and September 28, 2020, the Court finds that Defendant has failed to satisfy her burden on the exhaustion question. Finally, with respect to Plaintiff's claims that Calkins denied his requests for medical treatment between September 29, 2020, and October 6, 2020, Plaintiff has failed to present evidence creating a genuine factual dispute on the question of exhaustion. Accordingly, with respect to these claims, Defendant has satisfied her burden to obtain relief.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 16) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's claims that Defendant Calkins denied his requests for medical treatment between September 29, 2020, and October 6, 2020, be dismissed for failure to exhaust administrative remedies. The undersigned further recommends, however, that the following claims proceed forward: (1) Plaintiff's claim that Defendant Delacruz subjected him to excessive force on September 23, 2020; and (2) Plaintiff's claims that Defendant Calkins denied his requests for medical treatment on September 23, 2020, and September 28, 2020.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:   May 12, 2021

 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge