UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>YLE</small> L<small>EE</small> O<small>BEN</small> #753474,

    Plaintiff,                               Hon. Paul L. Maloney

v.                                             Case No. 1:20-cv-1050

U<small>NKNOWN</small> D<small>ELACRUZ</small>, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 32), and Defendants' Motion for Summary Judgment, (ECF No. 43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendants' motion be granted, and this action terminated.

**BACKGROUND**

Plaintiff initiated this action asserting claims against several individuals and entities. (ECF No. 1). At this juncture, the only claims remaining are Eighth Amendment claims against Defendants Delacruz and Calkins. (ECF No. 4, 28, 31). With respect to these claims, Plaintiff alleges the following.

On September 23, 2020, Defendant Delacruz approached Plaintiff's cell so that Plaintiff could be placed in restraints. During this process, Delacruz "grabbed"

Plaintiff's wrists and "forcefully" pulled Plaintiff's arms through the slot in his cell door. As a result, Plaintiff suffered injuries to his hand and fingers. Later that same day, Defendant Calkins refused Plaintiff's request for medical care. Calkins likewise refused requests from Plaintiff for medical care on September 28, 2020. Defendants Calkins and Delacruz move for summary judgment. Plaintiff likewise moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

### I. Excessive Force

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See*

*Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably

perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.
>
> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

The evidence submitted by Defendants reveals the following. On September 23, 2020, Plaintiff was charged with threatening behavior, a Class I misconduct. (ECF No. 44 at PageID.226-27). When a prisoner is charged with a Class I misconduct, he "must be transferred to segregation pending a hearing on the misconduct" charge. (ECF No.

44 at PageID.230). Defendant Delacruz was "part of the team that handcuffed and escorted Plaintiff to segregation." (*Id.*). On September 24, 2020, Plaintiff submitted a healthcare kite alleging that his "fingers and hand" required "immediate" medical attention because he had been subjected to "excessive force" when removed from his cell the previous day. (ECF No. 44 at PageID.239). Plaintiff was examined by a nurse the following day. (ECF No. 44 at PageID.240-42). An examination of Plaintiff's hands and fingers was "negative" with no indication that Plaintiff suffered any kind of injury or mistreatment. (ECF No. 44 at PageID.241-42).

This evidence reveals that Plaintiff was handcuffed for legitimate penological reasons and that such did not result in the application of excessive force. In response, Plaintiff offers nothing but his subjective belief that Defendant utilized too much force when securing him in handcuffs. Plaintiff's subjective belief, unsupported by any evidence, is insufficient to overcome Defendant's well-supported motion for summary judgment. Accordingly, the undersigned recommends that with respect to Plaintiff's remaining claim against Defendant Delacruz, Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## II. Denial of Medical Treatment

The Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06. The analysis by which a defendant's conduct is evaluated consists of two-steps.

First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid*.

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294. To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with

-7-

"deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

Plaintiff alleges that Defendant Calkins denied him medical treatment on September 23 and 28, 2020. However, even if the Court assumes that Defendant denied Plaintiff treatment on these dates, Plaintiff has failed to present evidence indicating that he was, on the dates in question, experiencing a "serious medical need." As noted above, the evidence reveals that Plaintiff was not experiencing any need for medical treatment on September 23, 2020. Defendant Calkins has submitted evidence that when she encountered Plaintiff on September 28, 2020, Plaintiff was not experiencing any "obvious medical needs." (ECF No. 44 at PageID.234). Again, in response, Plaintiff offers nothing but his unsubstantiated subjective beliefs which are insufficient to defeat a properly supported motion for summary judgment. Accordingly, the undersigned recommends that with respect to Plaintiff's remaining claim against Defendant Calkins, Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 32), be denied; Defendants' Motion for Summary Judgment, (ECF No. 43), be granted; and this action terminated.

For the same reasons underlying these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 22, 2021         /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge